**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,

        v.

LYNN A. RICH, et al.,

      Defendants.

CASE NO. 1:21-CV-365-HAB

## **OPINION AND ORDER**

This matter is before the Court on a Motion to Enforce Attorney's Lien (ECF No. 70) filed by former defense counsel Sam Bollinger on January 27, 2026. In his motion, Attorney Bollinger asserts that he represented Defendants Lynn and Christine Rich ("the Riches") in the underlying tax case with an agreed capped attorney's fee of $11,000 from the case's inception in 2021 until his replacement by the Riches' current counsel in July 2025. During this representation, the Court entered judgment in favor of the United States of America and against the Riches on September 19, 2023, (ECF No. 52), and Bollinger filed an Amended Notice of Lien for Attorney's Fees on October 17, 2024 (ECF No. 62). Now, with the Riches' real property allegedly up for sale to satisfy the tax lien to the Government, Bollinger would like a slice of whatever proceeds remain once the sale (and repayment of the tax lien) is complete. But as the Riches' point out in their Response to Bollinger's Motion, there is no legal basis to support offering him such relief.[1]

---

[1] The Government also submitted a response to Bollinger's Motion (ECF No. 73), in which it takes no formal position on the enforceability (or presence) of an attorney's lien but contends that whatever lien Bollinger might have would be inferior to the United States' tax lien. Because the Court finds there is no enforceable lien, it need not discuss lien priority.

"There is no federal common law or statute providing for an attorney's lien; federal courts follow their forum state's law." *Holly v. Rent-A-Center*, No. IP 00-580-C-Y/F, 2000 WL 1134536, at *1 (S.D. Ind. Aug. 9, 2000). Indiana recognizes common law retaining and charging liens—the latter of which was codified by the legislature in Indiana Code § 33-43-4-2, *see Miller v. Up In Smoke, Inc.*, No. 1:09-cv-242, 2011 WL 3022402, at *2 (N.D. Ind. July 22, 2011)—but neither applies. First, a retaining lien "is the right of the attorney to retain possession of a client's documents, money, or other property which comes into the hands of the attorney professionally, until a general balance due to him for professional services is paid . . . and exists as long as the attorney retains possession of the subject matter." *Iqbal v. Patel*, No. 2:12-cv-56, 2017 WL 6629399, at *1 (N.D. Ind. Dec. 29, 2018) (citing *Wilson v. Sisters of St. Francis Health Servs. Inc.*, 952 N.E.2d 793, 796 (Ind. Ct. App. 2011)). Of course, there is no indication from any of his filings that Bollinger has retained any of the Riches' property, so a retaining lien is inapplicable.

Instead, what Bollinger was likely attempting to claim (without expressly naming it or including any reference to law) is a charging lien, which is "the equitable right of attorneys to have the fees and costs due to them for services in a suit secured out of the judgment or recovery in that particular suit." *Iqbal*, 2017 WL 6629399, at *1. But although there has been *a* judgment ordered in this case, an enforceable charging lien only arises "on a judgment rendered *in favor of a person employing the attorney to obtain the judgment*." I.C. § 33-43-4-1 (emphasis added). And the judgment here was expressly *not* in the Riches' favor. *See* ECF No. 52.

For this reason, Attorney Bollinger's Motion to Enforce Attorney's Lien (ECF No. 70) is DENIED.

**SO ORDERED** this 26th day of March 2026.

2

s/Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT